

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

May 11, 1948

Hon. John H. Winters　　　　　　　Opinion No. V-568
Executive Director
Department of Public Welfare　　　Re: The necessity for re-
Austin, Texas　　　　　　　　　　　　leases from both natural
　　　　　　　　　　　　　　　　　　　parents in order to adopt
　　　　　　　　　　　　　　　　　　　a child whose parents are
　　　　　　　　　　　　　　　　　　　divorced.

Dear Sir:

　　　　Your letter requesting an opinion upon the above subject matter presents the following concrete questions:

　　　　"1. In cases of divorced parents, if the court or-der granting custody of the child to one parent gives full custody and does not mention the other parent as having the right to visit the child or does not require maintenance or support from him, is the parental re-lease as provided for in Section 6 of Article 46a re-quired of the parent who does not have custody?

　　　　"2. If you answer the first question in the nega-tive, then would the decision be the same if the court order of custody gives the parent, who is not given custody, the right to visit the child at stipulated times or requires him to contribute to the maintenance and support of the child?"

　　　　Section 6 of Article 46a, Vernon's Texas Civil Statutes provides, in part, as follows:

　　　　"Sec. 6. - Consent of parents, exceptions. -Ex-cept as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other per-sons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to

obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence, or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

This section further provides:

". . . Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the superintendent of the home or school, or of the individual to whom the care, custody, or guardianship of such child has been transferred by a Juvenile Court or other Court of competent jurisdiction. . ."

This statute clearly contemplates that the public policy of the State is to require the written consent of both living parents of a child as a condition precedent to its adoption, with exceptions only as specified therein. The language is emphatic to that end.

The two exceptions therein specified are (a) where the parent has voluntarily abandoned and deserted the child and (b) where a parent's parental rights have been terminated by order of the Juvenile Court or other court of competent jurisdiction.

The mere silence of the order of divorce of the parents upon the question of custody and control of the child is not within the statutory exceptions. Neither is the order of the court granting custody of the child to one of the parents without mentioning the other parent, either with respect to visitation or maintenance and support from him, within the statutory exceptions. Nor again, would an order giving to the parents a divided or part-time custody with right of visitation bring this situation within the statutory exceptions. Such custodial orders are far short in legal effect of the statutory exceptions of voluntary abandonment or judicially terminated parental rights by the Juvenile Court or other court of competent jurisdiction.

You say in your letter "This Department has been construing the above provisions to mean that the release of parental rights is essential in all adoption cases except in those cases where the child sought to be adopted has been abandoned for a period of two

years as specified in the law or the parental rights have been terminated by a court of competent jurisdiction." Your Department's rulings have been proper and in accordance with the statute quoted.

We are supported in this conclusion by prior opinion V-57 of this office.

## SUMMARY

In cases of divorced parents, where the court order grants custody of a child to one parent and does not mention the other as having the right of visitation, or does not require maintenance or support from him, the parental release under the adoption statute (Art. 46a, sec. 6) is nevertheless required to authorize adoption.

The same requirement is made in those cases where the court order gives custody to one parent and the right of visitation to the other parent, or requires such other parent to contribute to the maintenance and support of the child.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ocie Speer_

Ocie Speer
Assistant

OS/wb

APPROVED:

_Fagan Dickson_

FIRST ASSISTANT
ATTORNEY GENERAL